José Ramos Flores, Plaintiff and Appellant, *v.* Ulpiano Castillo, Defendant and Appellee.

No. 8996. Argued December 7, 1944.—Decided December 20, 1944.

*Sergio León Lugo* for appellant. *R. Hernández Matos* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The plaintiff filed a suit on March 11, 1943 against the defendant, a retail merchant, in the municipal court for $450. His cause of action was predicated on alleged overcharges totalling 45½¢ for nine food items which the plaintiff alleged he purchased at the store of the defendant. The plaintiff claimed $50 por each of the nine overcharges, pursuant to the Federal Emergency Price Control Act of 1942. The municipal court, after a hearing, awarded the plaintiff $100, and $26 for costs and attorney's fees. The plaintiff filed no appeal. The defendant, however, appealed to the district court, which heard the case and entered judgment for the defendant.

We are initially confronted with the contention that this court has no jurisdiction to entertain the appeal by the plaintiff. The theory of the defendant is that the failure

of the plaintiff to appeal from the judgment for $100, after he had claimed $450 in his complaint, converted the case, so far as the plaintiff was concerned, into a suit for $100. And therefore, when the district court decided in favor of the defendant on the basis of the latter's appeal, no appeal therefrom by the plaintiff to this court would lie, in view of the fact that the plaintiff's claim no longer exceed $300. (Section 295, Code of Civil Procedure, 1933 ed.).

We are unable to agree with this contention. The appeal to the district court required a trial *de novo*. The judgment of the municipal court was therefore in legal effect wiped out, and the district court had before it only the original complaint for $450. And when that complaint was dismissed the plaintiff was entitled to appeal to this court.

When we examine the merits of the case, we find a sharp conflict in the testimony before the district court. The plaintiff and his witnesses testified that the plaintiff had purchased the articles in question as well as other articles; that the clerk at the store had made out a list of the items which he purchased and the prices thereof on a piece of wrapping paper; and that the plaintiff had thereafter made a declaration to that effect at the local offices of the O.P.A.

On the other hand, the defendant, the cashier of the store, and other customers testified that the plaintiff had entered the store with two persons; that he had presented the clerk with the piece of wrapping paper with the items and their prices already written thereon; that the clerk had refused to sell the articles to the plaintiff at the said prices because they were above the ceiling prices therefor; and that the clerk had thereupon called the defendant proprietor, who had reiterated the refusal of the clerk, whereupon the plaintiff left the store without purchasing anything.

The story that the plaintiff appeared with a prepared list of prices would in the ordinary case be a dubious explanation of this transaction. Certainly such lists are more

usually prepared by an employee of the store. Yet, as the defendant points out, in these days such lists are made ordinarily on an order form rather than on wrapping paper. And it cannot be gainsaid that the liberal provision for damages is a two-edged sword: it deters offenders, but it also lends itself to misuse by unscrupulous claimants.

The district court held here in effect that this was a fabricated case. There was testimony in the case which justified this conclusion. We are therefore not authorized to say that we would have come to a contrary conclusion, in view of the fact that the finding of the lower court is not wholly irrational. As a matter of fact, it is difficult to believe that one selling above ceiling prices would ordinarily furnish written evidence thereof by making out a slip containing illegal prices. We add that the contention of the appellant that the district court was motivated by passion, prejudice, and partiality has no basis in the record.

The appellant also assigns as error the refusal of the lower court to admit in evidence the declaration of the plaintiff before an employee of the O.P.A. as to the facts herein. The theory on which the plaintiff offered this statement in evidence was that the aforesaid piece of wrapping paper had disappeared from the file of the municipal court and the statement made before the O.P.A. was a copy thereof.

It was unfortunate that this paper disappeared. In its original form—in the handwriting of either the plaintiff or the clerk—it would have been useful to the district court in arriving at the truth. But as a mere statement by the plaintiff to the O.P.A. of the facts of this case, even if we assume it was admissible, it could have little, if any, weight in determining the facts. Its exclusion was therefore not prejudicial to the plaintiff.

The judgment of the district court will be affirmed.